JOHN ARUDA *v.* JOHN MIGUEL, AND JOHN E.
PIRES, POUNDMASTER.

No. 1669.

EXCEPTIONS FROM CIRCUIT COURT SECOND CIRCUIT.
HON. D. H. CASE, JUDGE.

ARGUED JUNE 7, 1926.                    DECIDED JUNE 28, 1926.

PERRY, C. J., LINDSAY AND BANKS, JJ.

ANIMALS—*impounding of—notice to owner.*

>     Where animals of a known owner are taken up for trespass the
> owner must, under section 707, R. L. 1925, be notified of such
> fact and failure to so notify said owner renders an impounding
> of the animals illegal.

OPINION OF THE COURT BY LINDSAY, J.

Plaintiff filed a complaint in the district court of Makawao, County of Maui, against defendants, alleging that the defendant Miguel had illegally taken up five head of cattle belonging to plaintiff and illegally impounded them in the pound whereof the defendant Pires was poundmaster, and that the defendant, Miguel, was claiming damages and expenses for the alleged trespass of the cattle in the sum of $17.50, which was excessive, even if the impounding were legal. The district magistrate found the impounding illegal, whereupon defendant appealed to the circuit court of the second circuit. On a trial before the circuit court, without a jury, the court in a written decision found in favor of plaintiff and the case comes here on exceptions.

Under the exceptions reserved it is contended that the decision of the trial court is contrary to the law and the evidence.

From the evidence it appears that plaintiff was the

owner of a small piece of land and the defendant Miguel owned, or had control of, two small pieces of adjoining land, the three pieces being inclosed within one fence but having no partition fences separating the respective pieces, hence the cattle of both of the parties intermingled and grazed over the entire tract. Plaintiff had a watering trough on his portion of the common inclosure, having piped in water for which he paid on a meter basis. On defendant's portion there was no water.

On July 18, 1924, defendant found five head of cattle on his portion of the land. Four of these were branded "O X" and one was branded "2 R." With the assistance of his son and two others, defendant drove these cattle to the nearest government pound. Defendant told the poundmaster he did not know who owned the animals and that fact was included in the signed statement required by section 693, R. L. 1925, to be made by persons making application for the impounding of estrays. Section 707, R. L. 1925, provides: "Where any animal or animals are taken up for trespass, the owner, if known, shall be immediately notified, if reasonably practicable, of such fact, and of the amount of damage and trespass fees claimed, and if he shall refuse or fail to pay the legal charges, or in case the owner be unknown, then the animal or animals shall be impounded forthwith."

The trial judge based his decision in favor of plaintiff on two grounds, namely, first, that it did not appear that the impounded animals were estrays within the meaning of section 695, R. L. 1925; and, second, that from the evidence it appeared that, at the time defendant took up the cattle, he knew that they belonged to plaintiff, and, that being so, it was defendant's duty under the law to notify plaintiff that his cattle had been taken up for trespass, and, defendant having failed to so notify plaintiff, the impounding was illegal.

From the view we take of the case it is unnecessary to decide whether the cattle were estrays within the meaning of the statute, for the evidence overwhelmingly supports the finding of the trial court that defendant knew that the animals were owned by plaintiff. Defendant testified that he did not know who owned the cattle; that he did not know plaintiff's brand, and that when he took up the animals he did not notice the brand on them. In the light of the other evidence in this case this statement is clearly ridiculous. Defendant himself testified that he was an old cattle man, having been in that business since 1877. Prior to this impounding the parties had had some sort of oral agreement which lasted for several years, under which each used portions of the other's land (not the land on which the cattle were taken in this case) for pasturing cattle. This agreement had terminated owing to some dispute between the parties. The parties lived only a few miles apart and were both in the cattle business and it is common knowledge among persons conversant with that business that all cattle owners, within a considerable area, know each other's animals as well as the brands of all neighboring cattle raisers. On that showing alone, the trial judge would have been warranted in finding that defendant knew that the cattle belonged to plaintiff. But there was direct testimony tending to show that defendant did in fact know who owned the cattle he was impounding. Defendant's own son who assisted his father in taking up these cattle testified that he knew that the brands "O X" and "2 R" were brands of plaintiff, and that when they were driving in the cattle he remarked to his father that the animals were branded with these brands and that he, the son, thought they belonged to plaintiff, in response to which statement defendant's only reply was that he did not know. Under

the evidence the trial judge could have made no other finding than he did.

The exceptions are overruled.

*E. Vincent* filed a brief for plaintiff but did not argue.

*E. R. Bevins* (also on the briefs) for defendant Miguel.